IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNEDY F AMBROISE and PAUL DOUGLAS CELESTINE, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No. 4:23-cv-04130 |
| U.S. BANK TRUST NATIONAL ASSOCIATION, *et al,* | § § § § | |
| *Defendants.* | § | |

### DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS

Defendants U.S. Bank Trust, National Association, not in its Individual Capacity, but Solely as Trustee of Citigroup Mortgage Loan Trust 2019-E Fay Servicing, LLC[1] ("Fay Servicing") (collectively "Defendants") file this Reply in Support of its Motion to Dismiss ("Motion") [Doc. 7] in response to Plaintiffs' attempted response to the Motion [Docs. 11 & 12]. In support thereof, Defendants respectfully show unto the Court the following:

### I.
### SUMMARY

1.  Defendants moved the Court to dismiss this suit under the Federal Rules for failure to state a claim upon which relief can be granted. Plaintiffs' mostly unintelligible attempts at responding to the Motion to Dismiss fall short and they fail to bring forth any factual support or legal reasoning for the claims to survive dismissal. Plaintiffs have not illustrated to the Court in any manner why their case should not be immediately dismissed with prejudice.

---

[1] Defendants were incorrectly named herein as (1) "U.S. Bank Trust Company, National Association" and also improperly named as (2) "[US Bank Trust National Association] Trustee of Citi Group Mortgage Loan Trust.

2. Plaintiffs' claims, based upon the alleged invalidity of the assignment of U.S. Bank's deed of trust and their alleged right to adverse possession fail. To clarify Defendants' Motion, Plaintiffs' claims should be dismissed given (1) res judicata and lack of standing bars the suit; (2) Fraud is not pled to meet Fed. R. Civ. P. 9(b) standard; (3) Plaintiffs' cannot adversely possess the property against a lienholder; and (4) Plaintiffs' multiple filings in response, in an attempt to add additional claims, is improper.

## II.
## ARGUMENT AND AUTHORITIES

3. In the various filings that may comprise of a response to Defendants' Motion to Dismiss, Plaintiffs' do not properly address Defendants' Motion and improperly attempt to re-plead the claims made in this cause. *See* Docs. 9-12. Nothing in any of the below filed documents by Plaintiffs addressing the defective nature of their suit against Defendants herein. Plaintiffs' attempted "response" to the Motion to Dismiss includes the following:

   a. Objection to the order due to fraudulent facts by Christina a Bryant United States Magistrate. *See* Doc. 9;

   b. Multi-motion – consisting of a copy of a response filed in state court action. *See* Doc. 11; and

   c. Plaintiffs' "Evidence" – consisting of a copy of a Motion for in person hearing filed in state court action. *See* Doc. 12.

4. First, as briefed in its Motion, Plaintiffs' claims are barred by lack of standing. Plaintiffs are admittedly not parties to the note or deed of trust and have no standing to contest the lien, the deed of trust and/or the assignments thereof. *Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 228 (5th Cir. 2013).

5. Second, Plaintiffs' entire suit is barred by res judicata. The doctrine of res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). All elements are met to bar this case (the third), as:

   (1) Plaintiffs are in privity with the plaintiffs in the suit as the successor from Seabron's interest in the Property. *See Sampson v. U.S. Bank NA,* No. 4:20-CV-00493, 2020 WL 1321343 (E.D. Tex. Mar. 15, 2021) citing, *United States v. Marshall,* 798 F.3d 296, 304 (5th Cir. 2015);

   (2) A court of competent jurisdiction, this Court, rendered the prior two final judgments;

   (3) The prior two lawsuits were dismissed with prejudice; and

   (4) The same claim or cause of action was brought or should have been brought in the prior suit – Defendants have previously litigated the validity of its lien and right to its interest in the Property.

6. Third, Plaintiffs have no fraud claim. Plaintiffs' fraud claim does not meet the pleadings standard of the Federal Rules of Civil Procedure. as it provides no details regarding the alleged fraud. Fed. R. Civ. P. 9(b). Further, the fraud claim is simply an impermissible collateral attack on the two prior dismissals and not permitted. *Tice v. City of Pasadena,* 767 S.W.2d 700, 703 (Tex. 1989)(quoting *Crouch v. McGaw*, 138 S.W.2d 94, 96 (Tex. 1940)).

7. Finally, Plaintiffs' adverse possession claim fails because under Texas Law, the adverse possession statutes applicable to a property acquired after abandonment (and not under title or color of title) requires a minimum possessory period of at least five (5) years. *See generally,* Tex. Civ. Prac. & Rem. Code §§ 16.025 and 16.026. Even if Plaintiffs took possession of the

Property 4.5 years ago (they did not), Texas courts have consistently held that adverse possession is not considered "hostile" with respect to lien holders. *See DTND Sierra Investments LLC v. Bank of New York Mellon Trust Co.,* 958 F. Supp. 2d 738, 751(W.D. Tex. 2013)("Accordingly, both the HOA and Plaintiff took the Property subject to Defendant's Deed of Trust lien and their possession is consistent with, not adverse to, that interest.").

8. Even giving all leeway possible to Plaintiffs attempted responses to the Motion to Dismiss, Plaintiffs' claims fail and dismissal is appropriate for the reasoning as set out herein.

### III. CONCLUSION

Plaintiffs fails to state a claim upon which relief can be granted. Accordingly, Defendants respectfully request that their Motion to Dismiss be granted and Plaintiffs' claims be dismissed with prejudice. Defendants further request all relief, at law or in equity, to which they are entitled.

Respectfully submitted,

By: /s/ *Shelley L. Hopkins*
Shelley L. Hopkins
State Bar No. 24036497
HOPKINS LAW, PLLC
2802 Flintrock Trace, Suite B103
Austin, Texas 78738
(512) 600-4320
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP - *Of Counsel*
ShelleyH@bdfgroup.com
shelley@hopkinslawtexas.com

Robert D. Forster, II
State Bar No. 24048470
BARRETT DAFFIN FRAPPIER
TURNER & ENGEL, LLP
4004 Belt Line Road, Ste. 100
Addison, Texas 75001
(972) 386-5040
RobertFO@bdfgroup.com

        **ATTORNEYS FOR DEFENDANTS**
        **U.S. BANK AND FAY SERVICING**

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of April 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing system, and will send a true and correct copy to the following:

***VIA CMRRR and Regular Mail***
Paul Douglas Celestine
9122 Edgeloch Drive
Spring, Texas 77379
**PRO SE PLAINTIFF**

***VIA CMRRR and Regular Mail***
Kennedy F. Ambroise
9122 Edgeloch Drive
Spring, Texas 77379
**PRO SE PLAINTIFF**

        */s/ Shelley L. Hopkins*
        Shelley L. Hopkins