United States District Court
Southern District of Texas
**ENTERED**
July 24, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENNEDY F. AMBROISE, ET AL., <br> *Plaintiffs*, <br><br> v. <br><br> U.S. BANK TRUST NATIONAL ASSOCIATION, ET AL., <br> *Defendants*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 4:23-CV-04130 |

## **MEMORANDUM AND RECOMMENDATION**

This case in which pro se Plaintiffs Kennedy F. Ambroise and Paul-Douglas Celestine claim rights to property due to fraud and adverse possession is before the Court on Defendants' Motion to Dismiss.[1]  ECF 7.  By way of response, Plaintiffs filed a pleading titled "Multi-motion Motion in objection to the Plaintiff's motion for judgment due to jurisdiction Defendant's motion for summary judgment and Motion to dismiss due to fraud."  ECF 11.  This "Multi-motion" was filed in Cause No. 1221854 in the county court at law (3) in Harris County, Texas on April 1, 2024, and then filed in this action on April 3, 2024.  *Id.* at 1.  The plaintiff in Cause No. 1221854 is ME Alpha 11, LLC, and the defendants are Ambroise and Celestine.  *Id.*  Although the "Multi-motion" does not directly respond to the issues raised in the

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 4.

Motion to Dismiss, it is the only document Plaintiffs' have filed that can be reasonably construed as a response, and thus the Court hereafter will refer to the "Multi-motion" as the Response. Having reviewed the parties' submissions and the law, the Court recommends that the Motion to Dismiss be granted and this case be dismissed with prejudice.

### I.     Factual and Procedural Background

On October 31, 2023, Plaintiffs filed a Complaint titled "Federal Lawsuit for Fraud, Theft, and Rico Violations." ECF 1. The Complaint alleges that certain property located at 9122 Edgelock Drive, Spring Texas, 77379 (the Property) is "owned by Kennedy F. Ambroise under the Law of Salvage [Maritime Law]; and Texas Law: Adverse Possession."[2] *Id.* at 1. Plaintiffs claim that Defendants have no ownership rights in the Property and "can't sell property that they don't own." *Id.* The Complaint alleges very few supporting facts, but an attachment to the Complaint, which appears to be an Order signed in state court on May 23, 2023, indicates that Ambroise as of that date had been living at the Property and taking care of it for two and a half years. ECF 1 at 4-5.

Although Plaintiffs filed this suit in October 2023, the dispute over Defendants' rights to the Property go back years and is reflected in court documents

---

[2] Maritime law and the law of salvage do not apply to this case.

2

of which the Court takes judicial notice. On December 6, 2006, Michael Seaborn executed a note in the amount of $147,819.00 secured by a deed of trust on the Property. *Williams v. Fay Servicing, LLC et al.*, Civil Action No. 4:22-cv-02390, slip op. (S.D. Tex. March 29, 2023) (ECF 13). Seaborn entered a loan modification in 2017 at which point the loan balance was $183,178.71. *Id.* Seaborn defaulted on the loan and received notice of non-judicial foreclosure on the Property. *Id.* To stop foreclosure, Seaborn filed a lawsuit in Texas state court and the defendants removed the lawsuit to federal court. *Id.* Seaborn's lawsuit was dismissed with prejudice in accordance with the parties' Joint Stipulation of Dismissal. *Seaborn v. Fay Servicing, LLC, et al.*, Civil Action No. 4:21-cv-01998, order (S.D. Tex. May 26, 2022) (ECF 14).

On June 30, 2022, an individual named Eno Williams filed an Original Petition in state court seeking to stop the foreclosure sale of the Property scheduled for July 5, 2022. *Williams v. Fay Servicing, LLC et al.*, Civil Action No. 4:22-cv-02390, Notice of Removal (ECF 1-4). Williams alleged that he "acquired an interest in the property from Michael J. Seaborn, Jr." and "[t]he security instruments which are the basis for the Defendants, authorizing them to sell" the Property are fraudulent. *Id.* After the *Williams* case was removed to federal court, on March 29, 2023, the court granted the defendants' motion to dismiss on grounds of res judicata because Williams was Seaborn's successor in interest. *Id.* at ECF 13. Plaintiffs'

3

filed this lawsuit about seven months later. To date, it does not appear that a foreclosure sale and eviction have occurred because Plaintiffs list the Property as their address on the docket sheet for this case.

## II. Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff. *Alexander v. AmeriPro Funding, Inc.*, 48 F.3d 68, 701 (5th Cir. 2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). However, the court does not apply the same presumption to conclusory statements or legal conclusions. *Iqbal*, 556 U.S. at 678-79. The Court applies a more lenient standard when analyzing the pleadings of pro se plaintiffs, but they "must still plead factual allegations that raise the right to relief beyond the speculative level." *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

Generally, in ruling on a Rule 12(b)(6) motion, the court may consider only the allegations in the complaint and any attachments thereto. If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment. *See* Fed. R. Civ. P. 12(d). However, the court may take judicial notice of public documents, and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiffs' claims. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011). In this case, the Court takes judicial notice of the court filings and rulings attached as Exhibits A-F to Defendants' Motion to Dismiss.

### III. Analysis

Plaintiffs' Original Complaint does not clearly identify any cause of action. The Court construes it to seek: a declaration that Defendants' do not have the right to foreclose on the Property because (1) they acquired the deed of trust by fraud and (2) Ambroise owns the property by adverse possession, and (3) injunctive relief barring foreclosure on the Property. Defendants move to dismiss this case on grounds that Plaintiffs: (1) lack of standing to contest assignment of the deed of trust to Defendants as fraudulent; (2) cannot state a claim for adverse possession, and (3)

are precluded by the res judicata effect of the prior federal court judgments.[3]  ECF 7.

At the outset the Court addresses two threshold issues.  First, Plaintiff's Complaint identifies the Defendants as U.S. Bank Trust National Association, Fay Servicing LLC, Trustee of Citi Group Mortgage Loan Trust, and U.S. Bank Trust Company, National Association.  ECF 1 at 1.  Defendants filed the Motion to Dismiss in their proper names and do not assert errors in naming the parties or in the form or manner of service as grounds for dismissal.  *See* ECF 4 at 1 and n.1.  Plaintiffs do not challenge Defendants' representations regarding the proper names of the Defendants.  Thus, the proper names of Defendants in this case are U.S. Bank Trust, National Association, not in its Individual Capacity, but Solely as Trustee of Citigroup Mortgage Loan Trust 2019-E, and Fay Servicing, LLC.  The Court directs the clerk to edit the docket to correctly name the Defendants.

Second, the Court notes that both Plaintiffs' Complaint and Response are devoid of any allegation that Celestine has an interest in the Property.  *See* ECF 1; ECF 11.  Celestine's claims should be dismissed for this reason as well as those set forth below.

---

[3] Although res judicata is an affirmative defense, "dismissal under Rule 12(b)(6) is appropriate if the res judicata bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Doe v. Univ. N. Tex. Health Science Ctr.*, No. 23-10764, 2024 WL 3427049, at *3 (5th Cir. July 16, 2024).

6

### A. As non-parties to the assignment of the deed of trust Plaintiffs lack standing to challenge it.

Plaintiffs are not parties to the assignment to Defendants of the note and deed of trust that Seaborn executed in 2006. ECF 1; ECF 11 at 1. Thus, Plaintiffs have no standing to contest the assignment of the lien to Defendants. *Reinagel v. Deutsche Bank Nat. Tr. Co.*, 735 F.3d 220, 228 (5th Cir. 2013) (holding that "under Texas law, facially valid assignments cannot be challenged for want of authority except by the defrauded assignor."). Plaintiffs' do not allege or argue that fraud in the assignment rendered the lien "void" as opposed to "voidable" and therefore outside of the *Reinagel* ruling. *See Lopez v. Sovereign Bank, N.A.*, No. CIV.A. H-13-1429, 2014 WL 7446746, at *8 (S.D. Tex. Dec. 31, 2014) (discussing *Reinagel* and holding that the plaintiffs' failure to adequately allege details of the fraud rendered any possible distinction of "void" v. "voidable" liens irrelevant.). They also do not allege or argue that they fall outside of the *Reinagel* ruling because they are third-party beneficiaries of the assignment. *See Sigaran v. U.S. Bank Nat. Ass'n*, 560 F. App'x 410, 413 (5th Cir. 2014) (holding that plaintiff who failed to argue third-party beneficiary status did not have standing to challenge assignment of lien).

### B. Plaintiffs lack standing because they have not acquired an interest in the property by adverse possession.

Plaintiffs further lack standing to challenge Defendants' foreclosure rights because they do not, and cannot, plausibly allege that Ambroise acquired an interest

7

in the property through adverse possession. Adverse possession is defined in the Texas Civil Practice and Remedies Code as "actual and visible appropriation of real property, commenced and continued under a claim of right that is inconsistent with and is hostile to the claim of another person." TEX. CIV. P. & REM. CODE § 16.021(1). Texas law requires a party claiming title to property by adverse possession to show "(1) actual and (2) visible possession that is (3) under a claim of right, (4) hostile to another's claim to the property, and (5) peaceable for the applicable limitations period." *Luminant Mining Co., L.L.C. v. PakeyBey*, 14 F.4th 375, 380 (5th Cir. 2021) (citing *Nat. Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 193 (Tex. 2003)). The applicable limitation period for adverse possession varies depending on the facts claimed by the possessor as establishing its interest in the property. *Id.* If the possessor claims an interest under "title or color of title[,]" it must possess the land for three years. TEX. CIV. P. & REM. CODE § 16.024. If a possessor claims an interest because he "cultivates, uses, or enjoys the property" and pays "applicable taxes on the property" while claiming "the property under a duly registered deed[,]" the applicable period is five years. *Id.* § 16.025. But, if a possessor merely "cultivates, uses, or enjoys the property[,]" the applicable period for adverse possession is ten years. *Id.* § 16.026. In sum, adverse possession requires Plaintiffs to allege and show they took actions to assert an unmistakable claim of exclusive ownership to the Property for a period anywhere from three to ten

8

years, depending on the nature of their alleged possessory acts. *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 71 (Tex. 2011).

But first, Plaintiffs cannot satisfy the third and fourth elements of an adverse possession claim because they do not allege or argue that they possessed the Property under a claim to ownership that was hostile to another's rights. In order to establish adverse possession, "[t]he possession must be of such character as to indicate *unmistakably* an assertion of a claim of exclusive ownership in the occupant." *Villarreal v. Guerra*, 446 S.W.3d 404, 410 (Tex. App. 2014) (quoting *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 70 (Tex.2011) (emphasis in original)). Plaintiffs also do not allege or argue that their possession was at any time "hostile to another's claim to the property." The test for hostility is whether the possessor's acts on and use of the property "were of such a nature and character as to reasonably notify the true owner of the land that a hostile claim was being asserted to the property." *Id.* Plaintiffs do not allege that they gave constructive or actual notice that they repudiated Seaborn's (or anyone elses's) title during their period of possession. In fact, Plaintiffs' Complaint alleges they were tenants who consistently paid rent for possession of the Property, a fact which would negate hostile possession. *See* ECF 1 at 4 (asserting payment of more than $50,000 in rent).

Plaintiffs also cannot satisfy the fifth element of adverse possession, i.e., that they possessed the Property for the required period of time for their particular

9

adverse possession claim. The Complaint alleges only that "[t]he [P]roperty was abandoned 4.5 years ago and is owned by Kennedy F. Ambroise under the Law of Salvage [Maritime Law]; and Texas Law: Adverse Possession." ECF 1 at 1. An attachment to the Complaint dated May 24, 2023, contains the assertion that "[Ambroise has] lived at his residence two and a half years . . . [and] has been at this residence taking care of it, cleaning it, repairing it . . . .." *Id.* at 4. The Response contains no factual allegations supporting Plaintiffs' claim of adverse possession. *See* ECF 11. According to the attachment, at the time Plaintiffs filed the Complaint in this case they had been in possession the property for about 3 years. Plaintiffs do not claim ownership under title or color of title and therefore the three-year period in § 16.024 does not apply. Plaintiffs' do not allege they paid taxes on the Property and therefore the five-year period in § 16.025 does not apply. Plaintiff's own statements establish they have not been in possession of the Property long enough to satisfy the 5-year applicable period under § 16.025, much less the 10-year period applicable under § 16.026.

    Plaintiffs have not pled facts that could satisfy the elements of an adverse possession claim and show a plausible claim to an ownership interest in the Property. Thus, they lack standing to challenge Defendants' right to foreclose on the Property.

### C. Plaintiff's claims are barred by res judicata.

Finally, Plaintiffs' claims in this case are barred by res judicata. The doctrine of res judicata bars relitigation of claims that either have already been litigated or should have been litigated in an earlier lawsuit. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In order to establish that Plaintiffs' claims are barred by res judicata, Defendants must show "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* The res judicata effect of a prior judgment is a question of law. *Id.*

All elements of res judicata are satisfied in this case. First, the Defendants here were also defendants in *Seaborn* and *Williams*. The Plaintiffs were not parties in either prior case. However, the Fifth Circuit has held that privity exists for purposes of res judicata where the non-party is the successor in interest to a party's interest in property. *Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266 (5th Cir. 1990); *Sampson v. U.S. Bank NA as Tr. for Truman 2016 SC6 Title Tr.*, No. 420CV00493ALMCAN, 2021 WL 1321343, at *6 (E.D. Tex. Mar. 15, 2021), report and recommendation adopted, No. 4:20-CV-493, 2021 WL 1316969 (E.D. Tex. Apr. 8, 2021). If, as Ambroise alleges, he acquired an ownership interest in the Property

11

through adverse possession, then, like Williams, he is a successor in interest to Seaborn. Thus, the first element of the res judicata analysis is satisfied.

Second, there is no question that the Southern District of Texas, which issued both the *Seaborn* and *Williams* judgments, was a court of competent jurisdiction. Third, both *Seaborn* and *Williams* concluded with final judgments on the merits. A dismissal with prejudice is an adjudication on the merits. *Portillo v. Cunningham*, 872 F.3d 728, 736 (5th Cir. 2017); *Kononen v. Texas Dep't of State Health Servs.*, No. H-20-2842, 2021 WL 3713473, at *4 (S.D. Tex. July 28, 2021), report and recommendation adopted, No. CV H-20-2842, 2021 WL 3713062 (S.D. Tex. Aug. 19, 2021).

Finally, the same claim made here, that Defendants do not have the right to foreclose on the Property due to fraud, was at issue in *Seaborn* and *Williams*. When considering whether two suits involve the same cause of action for purposes of res judicata, courts apply the transactional test. *Test Masters Educ. Servs., Inc.*, 428 F.3d at 571. Under the transactional test, "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose." *Id.* Seaborn's Original Petition asserted that Defendants did not have authority to foreclose on the Property because the "chain of title is broken from the original lender to due to [sic] an invalid deed of trust and assignments," and that the "security instruments which

are the basis for the Defendants, authorizing them to sell Plaintiff's property at a foreclosure sale are fraudulent." *Seaborn*, Civil Action No. 4:21-cv-1998, ECF 1-1 at 7, 9. Seaborn's Original Petition also asserted claims for statutory fraud, common law fraud, breach of contract, and quiet title. *Id.* at 10-13. In his Prayer for Relief, Seaborn sought a declaration that Defendants did not have the power of sale pursuant to the deed of trust, as well as actual damages, exemplary damages, and temporary and permanent injunctive relief. *Id.* at 16. Williams's Original Petition is substantially identical to that filed by Seaborn and includes, word for word, the same allegations, causes of action, and prayer for relief as asserted by Seaborn. *Williams*, Civil Action No. 4:22-cv-2390, ECF 1-4. Here, Plaintiffs assert that "the Assignment of Deed of Trust is fraud in its operation" and Defendants do not have the power to sell the Property. ECF 1. Like Seaborn and Williams, Plaintiffs here seek a declaration that Defendants do not have the power to sell the Property. The fourth element of the res judicata analysis is satisfied.

To counter the argument that the prior lawsuits resulted in valid final judgments on the merits, Plaintiffs' Response raises a claim not in the Complaint. Plaintiffs contend that Defendants committed fraud on the court in the *Williams* case because they knew that Ambroise claimed ownership of the Property. ECF 11 at 1-2. The type of fraud alleged by Plaintiffs, i.e., fraud in the conduct of prior proceedings, cannot be used to collaterally attack the prior judgment.

13

The Fifth Circuit "recognizes a narrowly limited independent action to set aside a judgment for fraud on the court," which applies only where the fraud "defile[s] the court itself, or is fraud perpetuated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Lall v. Bank of New York Mellon as trustee to JPMorgan Chase Bank, N.A.*, 783 F. App'x 375, 379 (5th Cir. 2019) (citations omitted). "The Fifth Circuit has held that fraud on the court involves a high degree of misconduct." *Weatherford Int'l, Inc. v. Casetech Int'l, Inc.*, No. CIV.A.H-03-5383, 2005 WL 1745457, at *2 (S.D. Tex. July 25, 2005).

> To establish fraud on the court, it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its discretion. Generally speaking, only the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court. Less egregious misconduct, **such as nondisclosure to the court of facts allegedly pertinent to the matter before it**, will not ordinarily rise to the level of fraud on the court.

*Id.* (emphasis added) (citations omitted). Plaintiffs' Complaint and Response come nowhere near alleging intrinsic fraud that cast doubt on the validity of the prior final judgments. In addition, Plaintiffs' contention that Ambroise owns the property through adverse possession—the "fact" they claim was ignored by Defendants in the prior lawsuits—was not established as true at the time the prior judgments were entered.

## IV. Conclusion and Recommendation

For the reasons set forth above, the Court INSTRUCTS the Clerk of the Court to edit the docket to correctly name the Defendants in this case as U.S. Bank Trust, National Association, not in its Individual Capacity, but Solely as Trustee of Citigroup Mortgage Loan Trust 2019-E, and Fay Servicing, LLC. The Court RECOMMENDS that Defendants' Motion to Dismiss (ECF 7) be GRANTED and Plaintiffs' claims be DISMISSED WITH PREJUDICE in their entirety.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on July 24, 2024, at Houston, Texas.

Christina A. Bryan<br>
United States Magistrate Judge